IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN R. MARTINEZ,

    Plaintiff,

vs.                              Civ. No.  07-323 JP/CEG

WASHINGTON TRU SOLUTIONS, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On July 11, 2007, Defendant filed a Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. No. 11).  Having reviewed the briefs and relevant law, the Court determines that the motion to dismiss should be granted and that Count II of the Second Amended Complaint (Doc. No. 7), filed June 21, 2007, should be dismissed with prejudice. Additionally, Plaintiff's request to amend the Second Amended Complaint to include a *Bivens* cause of action against Defendant should be denied.

1.  Background

This is an employment termination case brought under Title VII, 42 U.S.C. §1983, 42 U.S.C. §1981, and state contract law.  Plaintiff is an Hispanic who was employed by the Defendant, a private corporation, as an underground maintenance worker at the Waste Isolation Pilot Plant (WIPP) in Carlsbad, New Mexico.  Defendant manages WIPP under a contract with the United States Department of Energy.  Count II is a §1983 claim asserting that the Defendant violated Plaintiff's constitutional rights to due process.   Defendant moves to dismiss Count II under Fed. R. Civ. P. 12(b)(6) because Defendant is not a "state actor" for §1983 purposes.

2.  Fed. R. Civ. P. 12(b)(6) Standard of Review[1]

The United States Supreme Court recently revisited the traditional Rule 12(b)(6) standard of review in *Bell Atlantic Corp. v. Twombly,* ___ U.S. ___, 127 S.Ct. 1955 (2007) and *Erickson v. Padrus*, ___ U.S. ___, 127 S.Ct. 2197 (2007).  In response to *Bell Atlantic* and *Erickson*, the Tenth Circuit has articulated a somewhat modified standard of review reflecting the holdings in those two cases:

> In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." *Alvarado v. KOB-TV, L.L.C.*, No. 06-2001, 493 F.3d 1210, 1215 (10th Cir.2007). In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at 1215 n. 2. Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, ---U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

*Kay v. Bemis*, 500 F.3d 1214 (10th Cir. 2007).  The Courts, however, continue to accept "all well-pleaded allegations as true and view[] them in the light most favorable to [the plaintiff]." *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006)(citation omitted).

3.  Discussion

It is well-established that only defendants representing the state can be sued under §1983. *See, e.g., E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir. 2001).  The Plaintiff essentially concedes in his response that Defendant is not a state actor for §1983 purposes.  Instead, Plaintiff contends that he is alleging a *Bivens* cause of action against the Defendant for constitutional violations of due process.  Should the Court decline to find that Count II states a *Bivens* cause of action, Plaintiff moves to amend his Second Amended

---

[1] Plaintiff incorrectly asserts that Defendant is challenging the Court's subject matter jurisdiction in its motion to dismiss.  Defendant is clearly moving to dismiss Count II for failure to state a claim under Rule 12(b)(6).

Complaint to include a *Bivens* cause of action against Defendant.

In support of his contention that he has either stated a *Bivens* cause of action or should be allowed to bring a *Bivens* cause of action against Defendant, Plaintiff states that he

> is cognizant this circuit does not recognize an implied private right of action for damage [sic] under **Bibens** [sic] against a federal contractor where alternative state or federal remedies are available. **Peoples v. CCA Detention Centers 422 F.3d 1090, 1101 (CA10 2005)**.

Plaintiff s [sic] Response to Motion to Dismiss Count II; Alternative and Counter Motion to Amend Complaint (Doc. No. 14) at 3, filed July 25, 2007. Plaintiff further states that "[a]t this stage of the proceeding, Plaintiff has asserted that **Bivens** may provide the only remedy available to him if the court rejects his Title VII and §1981 claims." *Id*.

Plaintiff's contention, however, is flawed for several reasons. First, the Tenth Circuit in *Peoples* actually held that there is "no implied private right of action under *Bivens* against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes of action for damages are available to the plaintiff." 422 F.3d at 1101 (emphasis added). Plaintiff is not suing Defendant's employees but rather Plaintiff is suing a private corporate entity. Moreover, in his request to amend the Second Amended Complaint, Plaintiff states that he would bring a *Bivens* action against Defendant, not Defendant's employees. Plaintiff also has alternative federal and state remedies available to him as reflected by the Title VII, §1981, and state contract law claims brought in this lawsuit. Plaintiff has not convinced the Court that being ultimately successful on those alternative remedies is a relevant factor in determining whether alternative causes of action are "available" to a plaintiff. Finally, the United States Supreme Court held in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) that *Bivens* is inapplicable to private corporate entities even if they are acting under color

of federal law.  *See, e.g., Gantt v. Security, USA*, 356 F.3d 547, 552 (4th Cir.), *cert. denied*, 543 U.S. 814 (2004)("Indisputably, Security USA is a private entity; therefore no Bivens claim lies against the company."); *Stoutt v. Banco Popular de Puerto Rico*, 320 F.3d 26, 33 (1st Cir. 2003)("The Supreme Court has already limited Bivens actions by refusing to extend them to private entities acting under color of federal law."); *Muick v. Glenayre Electronics*, 280 F.3d 741, 742 (7th Cir. 2002)("The only basis for a federal suit against Glenayre, that is, a suit for damages for violation of a federal constitutional right, is the Bivens doctrine, which the Supreme Court has held to be inapplicable to corporate defendants even when they are acting under color of federal law."); *Riggio v. Bank of America National Trust & Savings Association*, 31 Fed. Appx. 505, 505-06 (9th Cir. 2002)("There is no private right of action for damages against private entities that are alleged to have engaged in constitutional deprivations, even if they are acting under color of federal law.").

In sum, Count II does not state either a plausible §1983 or *Bivens* cause of action against Defendant.  Count II should, therefore, be dismissed with prejudice under Rule 12(b)(6) for failure to state a claim.  In addition, Plaintiff should not be allowed to amend his Second Amended Complaint to include what would be a futile attempt to assert a *Bivens* cause of action against Defendant.[2]

---

[2] Fed. R. Civ. P. 15(a) allows for amendment of complaints when "justice so requires."  A court, however, can refuse to allow an amendment of a complaint if allowing the amendment would be futile.  *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Id.* (quoting *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

IT IS ORDERED that:

1. Defendant's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. No. 11) is granted;

2. Count II will be dismissed with prejudice; and

3. Plaintiff's request to amend the Second Amended Complaint to include a *Bivens* cause of action against Defendant is denied.

_____
SENIOR UNITED STATES DISTRICT JUDGE